UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-147-GCM
(5:19-cr-65-GCM-DCK-1)

| | |
|---|---|
| AUSTIN TYLER LITCHFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [Doc. 1].

**I.     BACKGROUND**

Petitioner was charged in the underlying criminal case with: conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine (Count One); possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine (Count Two); and attempt to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Counts Three and Four). [5:19-cr-65 ("CR") Doc. 49]. He pleaded guilty to Counts One and Two in exchange for the Government's dismissal of Counts Three and Four pursuant to a written Plea Agreement. [CR Doc. 100]. The Plea Agreement provides *inter alia* that the parties will jointly recommend: the amount of methamphetamine that was known to or reasonably foreseeable by Petitioner was in excess of 4.5 kilograms of "ice" and 45 kilograms of a mixture and substance containing a detectable amount of methamphetamine, resulting in a base offense level of 38; and Petitioner should receive a 2-level weapon enhancement. [Id. at ¶ 8]. The Plea

1

Agreement contains an express waiver of Petitioner's appellate and post-conviction rights, except for claims of prosecutorial misconduct or ineffective assistance of counsel. [Id. at ¶¶ 16-17]. The guilty plea was supported by a Factual Basis that provides, in relevant part:

> From in or about March 2019 to the present, in Catawba County, … the defendant, AUSTIN TYLER LITCHFIELD, did knowingly and intentionally conspire and agree with other persons to distribute and to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.
>
> On or about April 1, 2019, in Catawba County, … the defendant, AUSTIN TYLER LITCHFIELD, did knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

[CR Doc. 99] (paragraph numbers omitted).

The Presentence Investigation Report ("PSR") calculated the base offense level as 38 because the offenses involved at least 90,000 kilograms or more of converted drug weight. [CR Doc. 150 at ¶ 23]. Two levels were added pursuant to U.S. Sentencing Guidelines § 2D1.1(b)(1) because a dangerous weapon (including a firearm) was possessed. [Id. at ¶ 24]. Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 37. [Id. at ¶¶ 30-32]. Petitioner had zero criminal history points and a criminal history category of I. [Id. at ¶¶ 40-41]. The resulting advisory guideline range was 210 to 262 months' imprisonment followed by five years of supervised release. [Id. at ¶¶ 66, 70].

The Court varied downward from the advisory guideline range and sentenced Petitioner to 144 months' imprisonment for each count, concurrent, followed by five years of supervised release in a Judgment entered on August 3, 2020. [CR Doc. 201]; see [CR Doc. 202] (Statement of Reasons). Petitioner did not appeal.

Petitioner filed the instant pro se § 2255 Motion to Vacate on October 17, 2022.[1] He argues that counsel was ineffective for (renumbered and restated): (1) failing to argue that the First Step Act applies; (2) promising that Petitioner would receive a sentence of 10 years or less if he pleaded guilty; (3) failing to oppose the firearm enhancement so Petitioner would qualify for the Safety Valve; and (4) refusing to allow Petitioner to see discovery, or to go to trial pursuant to Petitioner's request. [Doc. 1]. With regards to the Motion to Vacate's timeliness, Petitioner states:

> My Lawyer never told me about the possibility of Sentence reduction under the First Step Act. He never told me about the First Step Act. If I was told about the Act and that there was a time limit I would have filed sooner. When I was incarcerated Covid also locked down the Prison system. We were not permitted out of our cells and had no access to the Legal Library or computers. I only found out about the First Step Act in Prison after Covid restrictions were removed. The one year statute TIMELINESS OF MOTION limit to file does not take into consideration Mandatory Covid Lock Down Restrictions. I am requesting reconsideration and Sentence Reduction as my Rights were violated.
>
> I know I did wrong. I pleaded Guilty at the beginning. It helped the Prosecution. My Lawyer did not defend me well. He REFUSED to give me any Discovery on my behalf. I was new and did not know better. He just wanted to case closed. I am not a bad person. I made a mistake and I regret it every day. My Lawyer never presented the First Step Act or the Care Act on my behalf.
>
> My Sentencing July 20, 2020 I was supposed to be sent to a Prison close to Los Angeles near my Wife and Mother. The First Step Act amends 18 U.S.C. § 3621(b) to require BOP to house inmates in facilities as close to their primary residence as possible, and to the extent practicable, within 500 driving miles. FCI La Tuna is 785 miles from Los Angeles. That was more than 2 years ago. This is a violation of my rights.
>
> Since coming to Prison I have lost everything. Lost my Wife, everything I owned, my cars & my friends. My only family is my Mother, Aunt & Uncle. They are in their late 60's. My mother is not well. I have not seen them in over 3 years. I got Covid in Prison. I have been stabbed. I have been and still now extorted for money to pay for Protection. I do not have any money left. I get beat

---

[1] The Petitioner does not receive the benefit of the prisoner mailbox rule because he did not mail the Motion to Vacate from prison; his mother mailed it to the Court on Petitioner's behalf. However, even if the Motion to Vacate were considered filed on the date the Petitioner signed it, October 10, 2022, it would still be time-barred.

up a lot. I am not a bad Prisoner. I do not cause trouble.

> I pleaded Guilty to Conspiracy and Aiding/Abetting Methamphetamine Distribution. I let peer pressure from my Asian friends convince me to get involved in their illegal activities. I tried to say no but I was young, dumb and became involved. I am reminded every day of the huge mistake I have made that put me in this situation. I am remorseful, sorry and regretful. I have lost my life. I am in Prison with Murderers, Child Molesters, Rapists, Gangs who have sentences half of the 144 months I received but my Lawyer told me I would get 10 years or less. I know what I did was wrong. I just made a stupid mistake. I am only asking for a Sentence reduction.

[Id. at 11].

On November 1, 2022, the Court informed the Petitioner that his Motion to Vacate appeared to be time-barred and ordered him to show cause, within 20 days, why this action should not be dismissed. [Doc. 2]. He was cautioned that, if he failed to comply, the Motion to Vacate would be dismissed with prejudice as time-barred. [Id.].

## II.  SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). No response from the Government is required.

4

## III. DISCUSSION

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petition is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements.").

Petitioner's Judgment became final on August 17, 2020, when the 14-day period to file a notice of appeal expired. See Fed. R. App. P. 4(b)(1), (b)(6); United States v. Osborne, 452 F. App'x 294, 295-96 (4th Cir. 2011). Petitioner filed the instant § 2255 Motion to Vacate on

5

October 17, 2022, one year and two months late. It is thus time-barred pursuant to § 2255(f)(1).

Petitioner appears to argue that his Motion to Vacate is timely pursuant to § 2255(f)(4) and/or that equitable tolling applies because: he is ignorant of the law, and discovered legal arguments at some point during his incarceration; and COVID-19 restrictions prevented him from conducting legal research or preparing a Motion to Vacate for an unspecified time. See [Doc. 1 at 11].

First, § 2255(f)(4) does not apply because Petitioner's discovery of the legal significance of various laws does not constitute newly discovered evidence for purposes of that subsection. See United States v. Caro, 683 F. App'x 232, 233 (4th Cir. 2017) (under § 2255(f)(4), the time begins when the prisoner knows or the important facts, not when he appreciates their legal significance); see also Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (changes in the law are not new facts for purposes of § 2255(f)(4)).

Second, Petitioner has failed to demonstrate that equitable tolling applies. Ignorance of the law does not warrant equitable tolling. See generally United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling); Henriquez v. United States, 2012 WL 1564158, *2 (E.D.N.C. May 2, 2012) (prison conditions such as lockdowns, misplacement of legal papers, and access to legal materials typically are not grounds for equitable tolling) (listing cases). Nor does COVID-19 automatically warrant equitable tolling. See Day v. White, 2022 WL 4585522, at *5 n.9 (E.D. Va. Sept. 29, 2022) (noting that the COVID-19 pandemic does not automatically warrant equitable tolling). Petitioner's allegations about COVID-19 restrictions are so vague and conclusory that the Court is unable to determine how long they lasted, whether he pursued his rights diligently, and whether they prevented him from timely filing his Motion to Vacate. See

United States v. Taylor, 22 F. App'x 226 (4th Cir. 2001) (finding that untimely and conclusory allegations were insufficient to equitably toll the statute of limitations).

The Petitioner filed his Motion to Vacate outside the statute of limitations and he has failed to demonstrate that statutory or equitable tolling applies. Accordingly, the Motion to Vacate will be dismissed with prejudice as time-barred.

## IV. CONCLUSION

For the foregoing reasons, the 2255 Motion to Vacate is dismissed with prejudice as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED** with prejudice as time-barred.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: December 5, 2022

Graham C. Mullen
United States District Judge