# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19CR65-GCM

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **ORDER** |
| AUSTIN TYLER LITCHFIELD, | |
| Defendant. | |

This matter is before the Court on Defendant Litchfield's Motion for Reduced Sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). (Doc. No. 231). Upon careful consideration of the arguments submitted by the parties, Defendant's Motion is **DENIED**.

## I. BACKGROUND

In September of 2019 Mr. Litchfield was indicted and charged with conspiracy to distribute and possess with intent to distribute at least 500 grams of a methamphetamine mixture, 21 U.S.C. § 846; and possessing with intent to distribute at least 50 grams of a methamphetamine mixture, 21 U.S.C. § 841(a)(1). (Doc. No. 150 at 1–2). He subsequently entered into a plea agreement with the United States and pleaded guilty to both offenses. (*Id.*, Doc. 100 ¶ 1). Litchfield admitted that at least 4.5 kilograms of actual methamphetamine and 45 kilograms of a methamphetamine mixture were reasonably foreseeable to him. (*Id.*, Doc. 100 ¶ 8(a)). Litchfield also agreed that he should receive a two-offense-level weapon enhancement. (*Id.*, Doc. 100 ¶ 8(b)).

The United States Probation Office submitted a presentence report and calculated a total offense level of 37. (*Id.*, Doc. 150 ¶ 32). This total offense level included a two-offense-level increase because Litchfield possessed a firearm in connection with his drug-trafficking offense. (*Id.*, Doc. 150 ¶ 24). The probation office assigned Litchfield zero criminal-history points and found that the Sentencing Guidelines advised a sentence of between 210 and 262 months in prison based on a total offense level of 37 and a criminal-history category of I. (*Id.*, Doc. 150 ¶¶ 41, 66). This Court sentenced Litchfield to a downward-variance sentence of 144 months in prison. (*Id.*, Doc. 201 at 2). Litchfield now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

## II. DISCUSSION

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. *See* U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; *see* U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. *Id.* pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. *Id.*

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain

2

defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he used violence or credible threats of violence in connection with his offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. *Id.*

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. *Id*. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." *Id*. § 1B1.10(b)(1). If the defendant received a sentence below the

3

applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." *Id*. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. *Id*. § 1B1.10(b)(2)(C).

The Court finds that the Defendant is not eligible for a sentence reduction under Amendment 821. While Litchfield was a zero- point offender, he also possessed a firearm in connection with his drug-trafficking offense. Accordingly, he is disqualified for a reduction in sentence under Amendment 821.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reduced Sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2) (Doc. No. 231) is hereby **DENIED**.

Signed: August 5, 2024

Graham C. Mullen
United States District Judge